**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3044

_____

RANCOURT WOODELL,
                                        Appellant

v.

DR. STEPHEN WEINER, M.D.O.; PHYSICIAN ASSISTANT STEPHEN
KAMINSKY; LICENSED NURSE PRACTITIONER JEANNE DE FRANGESCO;
CORRECTIONS HEALTH CARE ADMINISTRATOR JOE KORSZNIAK; REGISTER
NURSE SUPERVISOR BOB GROSSMAN; TOMASZ BORZECKI, L.P.N.; SAM
DOE, L.P.N.; JAMIE LINK, R.N.; SUPERINTENDENT CYNTHIA LINK; DEPUTY
SUPERINTENDENT LAURA BANTA; DEPUTY SUPERINTENDENT GEORGE
ONDREJKA; JOSEPH TERRA (now Deputy Superintendent); SUPERINTENENT
TAMMY FERGUSON; DEPUTY SUPERINTENDENT MANDY SIPPLE; now acting
CORRECTION HEALTH CARE ADMINISTRATOR, DONNA VERNER; PA.D.O.C.
CHIEF GRIEVANCE & APPEALS COORDINATOR, JOHN SILVA (m.s. Silvia); and
PA D.O.C. CHIEF GRIEVANCE & APPEALS COORDINATOR, JOHN SILVA (m.s.
Silvia); and PA D.O.C. BUREAU OF HEALTH CARE SERVICES, sued in their
individual and official capacities

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-01098)
District Judge:  Honorable Edward G. Smith

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 7, 2022

Before: GREENAWAY, JR., PORTER, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: December 6, 2022)

---

## OPINION[*]

---

PER CURIAM

Pro se appellant Rancourt Woodell appeals the District Court's order dismissing his fifth amended complaint. For the reasons discussed below, we will affirm.

Woodell, a prisoner held first at SCI-Graterford and then SCI-Phoenix, filed a complaint that alleged that numerous prison employees had provided him inadequate medical care. In Woodell's operative fifth amendment complaint—the District Court had dismissed Woodell's previous complaints, each time providing leave to amend—he alleged that the defendants had failed to properly treat his seizures and a urologic issue.

These allegations are discussed at some length in the District Court's opinion; a brief summary will suffice here. Woodell claimed that the defendants had arranged for him to receive brain surgery in 2016. He alleged that, after that surgery, the defendants had provided him with the wrong medication, and had also prescribed improper doses of other medication. He also claimed that, on one occasion, a nurse had restrained him during a seizure. Further, he alleged that the defendants delayed diagnosing his urologic condition. In addition to naming the doctors and nurses involved in his treatment, Woodell sued prison administrators who denied his grievances and supervisory personnel.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The District Court dismissed the complaint for failure to state a claim, determining that further amendment would be futile. Woodell appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's ruling. See Dooley v. Wetzel, 957 F.3d 366, 373–74 (3d Cir. 2020); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation omitted). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).[1]

We agree with the District Court's analysis. In the main, Woodell alleges that the medical care he received was inadequate under the Eighth Amendment. To succeed on an Eighth Amendment claim for deficient medical care, "a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to his or her medical needs and (2) an objective showing that those needs were serious." Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quotation marks and alterations omitted). As the District Court pointed out, Woodell acknowledged that he "did receive and/or had not been denied medical care," and that his claim was that he "received a different form of treatment that was not effective adequate treatment." ECF No. 105 at 4. However,

---

[1] In dismissing Woodell's amended complaint, the Court concluded that a variety of claims were barred by the two-year statute of limitations. See ECF No. 89. By not meaningfully addressing this ruling in his opening brief, Woodell has forfeited review. See Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 202–03 (3d Cir. 2004).

3

"[w]here a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners." Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017).

The District Court rightly focused on that latitude in dismissing Woodell's claims. For instance, Woodell complained that, after his operation, his prison doctor should have prescribed a different medication. But he did not allege that this prescription violated professional standards of care or that his doctor did not exercise medical judgment. See Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("[I]t is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights"). The same goes for his claim that the prison doctor tried to treat him with Librium and, when that caused a harmful side effect, ordered the use of Ativan. See id.

Likewise, while he alleges that the prison doctor later prescribed an excessive dose of a medication, "[a]llegations of mere negligent treatment or even medical malpractice do not trigger the protections of the Eighth Amendment." Palakovic, 854 F.3d at 227. Similarly, even if it were medically improper to restrain his hands during a seizure, Woodell does not allege that he suffered any adverse effect, much less that the nurse who did so "kn[ew] of and disregard[ed] an excessive risk to [his] health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Woodell also alleged that the defendants inadequately treated his urologic issue. However, his allegations describe regular care from numerous doctors, including

4

specialists, during the relevant period. More specifically, in May 2017, his neurologist promised to speak to the prison doctor about a consult with a urologist. In July and early August 2017, he received urologic treatment from different prison doctors, and in August he consulted with a urologist, who ordered tests. Those tests were performed a little more than a month later, and the urologist prescribed medication. Eventually, the urologist diagnosed him with neurogenic bladder, and recommended further consultation with Woodell's neurologist. The neurologist then prescribed a different medication. We agree with the District Court that the defendants, in providing this treatment and arranging for Woodell to see specialists, did not act with deliberate indifference. While Woodell wanted the appointments to be scheduled sooner, he did not allege that any delays were motivated by non-medical reasons. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

We also agree with the District Court that Woodell failed to state a claim to the extent that he alleged that non-medical defendants violated his Eighth Amendment rights by denying his grievances in which he challenged the medical care he was receiving from medical personnel. See Parkell v. Danberg, 833 F.3d 313, 336 (3d Cir. 2016). Further, since Woodell failed to plead an underlying constitutional violation, his claims of supervisory liability also fail. See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). He also failed to plausibly allege a claim of retaliation because he did not allege causation, see generally Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016), and the District Court correctly held that the Commonwealth defendants sued in their official capacities were immune from suit, see Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310

5

(3d Cir. 2020); Karns v. Shanahan, 879 F.3d 504, 519 & n.5 (3d Cir. 2018). Finally, because the District Court had already provided Woodell numerous opportunities to amend, we conclude that it did not abuse its discretion in declining leave to amend once more.[2]

Accordingly, we will affirm the District Court's judgment in full.[3]

---

[2] To the extent that Woodell raised any other claims, we agree with the District Court's disposition. We also note that, while Woodell objects to the District Court's failure to discuss a so-called certificate of merit, he did not attach that document to his fifth amended complaint, despite the District Court's instructions to file an all-encompassing complaint. See ECF No. 104; see also U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 517 (3d Cir. 2007). In any event, that letter, from his neurologist, merely states that "[g]iven [appellant's] current place of residence, it has been difficult for me to manage Mr. Woodell's epilepsy and his other neurological conditions since the patient and I do not have a direct line of communication." 3d Cir. ECF No. 35 at 66. This does not advance Woodell's claim of deliberate indifference.

[3] In connection with the medical claims at issue in this appeal, Woodell has filed a motion for medical injunctive relief. In light of our disposition of this appeal, we deny that motion.